IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JEFFREY L. MILLER, | ) | 8:04CV595 |
| | ) | BK. 03-82793/A04-8021 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | MEMORANDUM AND ORDER |
| JEFFREY L. MILLER, | ) | |
| | ) | |
| Plaintiff/Appellee, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NLVK, LLC, a Nevada limited liability company, | ) | |
| | ) | |
| Defendant/Appellant. | ) | |

Before the court is an appeal filed by defendant/appellant NLVK, LLC ("NLVK") from a Memorandum entered by the bankruptcy court on October 26, 2004 in adversary proceeding no. A04-8021, which denied NLVK's motion for summary judgment and granted the debtor/plaintiff/appellee Jeffrey Miller's summary judgment motion. *See* filing no. 50 of Adversary Proceeding. The court having considered the appeal, the briefs filed by the parties, and the record on appeal, now determines that the Memorandum by the bankruptcy court should be affirmed in its entirety.

**Background**

The facts in this case are not in dispute and are as follows. In September 2001, debtor/plaintiff/appellee Jeffrey L. Miller ("Miller") purchased certain real estate commonly known as 121 Hazelmere Lane, in Las Vegas, Nevada (hereinafter "property"). *See* Complaint (filing no. 1) at ¶ 5 and Answer and Counterclaim (filing no. 6) at ¶2 of Adversary Proceeding. Following the purchase, Miller was required to pay certain dues to the

property's homeowner's association, Rhodes Ranch Association, Inc. ("Rhodes"). *See* Complaint (filing no. 1) at ¶¶7-8, Answer and Counterclaim (filing no. 6) at ¶3 and Affidavit of David Stone (filing no. 37) of Adversary Proceeding. However, Miller failed to keep up with these payments and was in arrears. *Id.* Approximately two years later – in September 2003 – Miller filed his petition for relief under Chapter 11 of the United States Bankruptcy Code. *See* Complaint (filing no. 1) at ¶3 and Answer (filing no. 6) at ¶2 of Adversary Proceeding. Approximately five weeks later, Rhodes, without knowledge of the bankruptcy filing, conducted a foreclosure sale and sold the property to NLVK, which recorded a deed 12 days later. *See* Complaint (filing no. 1) at ¶7, Answer and Counterclaim (filing no. 6) at ¶¶ 4 and 7 of Counterclaim, and Affidavit of David Stone (filing no. 37) at ¶¶11-13 of Adversary Proceeding. NLVK paid $3,847 at the foreclosure sale for the property – the amount Miller owed Rhodes for delinquent association dues. *Id.* The property, however, is worth between $630,000 and $650,000. *See* Affidavit of Grace Leon (filing no. 45) at ¶5 of Adversary Proceeding. In March 2004, Miller filed a complaint or adversary proceeding with the bankruptcy court seeking an order to avoid the sale of the property to NLVK under 11 U.S.C. §549. *See* Complaint (filing no. 1) of Adversary Proceeding. NVLK timely responded with a counterclaim arguing that it was a bona fide purchaser and that it was entitled to keep the property. *See* Answer and Counterclaim (filing no. 6) of Adversary Proceeding. After Miller and NLVK filed cross-motions for summary judgment to resolve this issue, the bankruptcy court – on October 26, 2004 – granted Miller's motion for summary judgment, thereby avoiding the sale of the property to NLVK. *See* Bankruptcy Court's Memorandum (filing no.50) of Adversary Proceeding. The bankruptcy court, at the

same time, granted NLVK a lien on the property in the amount of $3,847, which was the amount NLVK paid for the property. *Id.*

In November 2004, NLVK filed a Notice of Intent to Appeal to the Eighth Circuit and subsequently, an Election that Appeal be Heard by the United States District Court. *See* filings no. 53 and 59 of Adversary Proceeding. The matter is now before this court and ready for a decision. This court has jurisdiction of appeal pursuant to 28 U.S.C. §158(a).

## Standard of Review

The district court sits as an appellate court when an appeal is taken from the bankruptcy court. *See* 28 U.S.C. §1334. The district court may affirm, reverse or modify the bankruptcy court's ruling or remand the case for further proceedings. Fed. R. Bankr. P. 8013. The bankruptcy court's legal conclusions are to be reviewed de novo and its findings of fact under the clearly erroneous standard. *See Brown v. Mitchell (In re Arkansas Communities, Inc.),* 827 F.2d 1219 (8th Cir. 1987); *In re Land,* 138 B. R. 66, 68 (Bankr. D. Neb. 1992). A factual finding is clearly erroneous if it is not supported by substantial evidence in the record, if it is based on an erroneous view of the law, or "if the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *See Johnson v. Arkansas State Police,* 10 F.3d 547, 552 (8th Cir. 1993) (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948)). With this standard in mind, the court now examines NLVK's appeal from the bankruptcy court's decision.

## Discussion

As indicated above, NLVK appeals the bankruptcy court's decision to set aside its

post-petition purchase of the real estate.  In its decision, the bankruptcy court determined that the transfer of property to NLVK should be avoided because NLVK did not pay "present fair equivalent value" for the property.  *See* Bankruptcy Court's Memorandum (filing no. 50) of the Adversary Proceeding at 3.  In reaching that decision, the bankruptcy court found that NLVK had only paid $3,847 for the property, an amount which did not constitute "present fair equivalent value." *Id.*  NLVK argues the bankruptcy court's decision is incorrect for two reasons.  One, it argues that the court failed to recognize that NLVK paid more than just the $3,847 it paid at the foreclosure sale.  Two, NLVK claims that the bankruptcy court misinterpreted bankruptcy law when it determined that the post-petition sale of real estate to NLVK should be set aside because NLVK failed to pay a "present fair equivalent value" for the property.  For the reasons stated below, this court finds that the bankruptcy court correctly found that NLVK did not paid additional value for the property and correctly applied bankruptcy law when it determined that the transfer of the real estate should be avoided.

With respect to NLVK's argument that it paid additional value for the property, the bankruptcy court, as previously indicated, determined that NLVK had not paid any other amounts for the property other than the $3,847 it paid at the foreclosure sale.  NLVK argues that determination is in error because, at the time it purchased the property, it also assumed substantial debt.  Specifically, NLVK argues that there were liens – the mortgage on the property and tax liens – encumbering the property in the amount of $468,000.  *See* NLVK's Brief at 8.  NLVK claims that, at the time of purchase, it also assumed the debt for those liens.  *Id.*  According to NLVK, that debt assumption is equivalent to paying an additional amount for the property.  *Id.*  To support its position, NLVK cites to an affidavit

4

by an NLVK manager dated March 2004 in which the officer claims the liens encumbering the property constitute consideration paid for the property. *Id.* However, this affidavit was not part of the adversary proceeding record and this Court will not consider it in its review. But even if it was considered, that affidavit does not contradict the bankruptcy judge's finding that NLVK did not pay any additional value for the property. The record does not indicate that, after purchasing the property, NLVK assumed any responsibility for the mortgage or that it paid any liens encumbering the property. *See* Krista Gingrich's Affidavit (filing no. 44) at 2-3. The bankruptcy judge, in his decision, noted, "as of mid-August 2004, 10 months after the sale, NLVK had not taken steps to assume the mortgage." *See* Bankruptcy Memorandum (filing no. 50) of Adversary Proceeding at 3. Despite NLVK's argument to the contrary, the record, in this case, does not indicate that NLVK paid any additional value for the property by way of debt assumption or that it was required to assume liability for any liens encumbering the property after NLVK purchased the property at the foreclosure sale.

In its second argument, NLVK contends that the bankruptcy court erred in setting aside the sale of the property to NLVK because NLVK failed to pay a "present fair equivalent value" for the property. *See* NLVK's Brief at 8-10 and Bankruptcy Court's Memorandum (filing no. 50) at 3. According to NLVK, payment of a "present fair equivalent value" for the property was not required under bankruptcy law. *Id.* NLVK contends that the $3,847 it paid at the foreclosure sale constitutes payment of a "reasonably equivalent value" for the property. *Id.* According to NLVK, it is a good faith purchaser who paid a "reasonably equivalent value" – $3,847 – for the property, thus, it has the right to keep the

5

property. *Id.* NLVK argues that payment of "reasonably equivalent value" is all that is required, under the bankruptcy law, of a good faith purchaser who buys property of the estate after a debtor files for bankruptcy. *Id.* This court, however, disagrees with NLVK.

Title 11 United States Code Section 549(c) provides in pertinent part:

> **"The trustee <u>may not avoid</u> . . . a transfer of real property to a good faith purchaser without knowledge of the commencement of the case and for <u>present fair equivalent value</u> unless a copy or notice of the petition was filed**, . . . A good faith purchaser without knowledge of the commencement of the case and for less than present fair equivalent value has a lien on the property transferred to the extent of any present value given, unless a copy or notice of the petition was so filed before such transfer was so perfected." (emphasis added)

11 U.S.C. §549(c). Clearly, under Section 549(c) a good faith purchaser may keep a property if he buys it after a petition for bankruptcy has been filed. *Brown v. Harris (In re Auxano, Inc.),* 96 B.R. 957, 962 (Bankr. W.D. Mo. 1989); *In re Major,* 218 B.R. 501, 505 (Bankr. W.D. Mo. 1998); *Ford v. A.C. Loftin (In re Ford),* 296 B.R. 537, 551-52 (Bankr. N.D. Ga. 2003). However, under Section 549(c), the good faith purchaser is required to pay a "present fair equivalent value" for the property, which is a price that deviates little from fair market value, or something very close to it. *Id.* In this case, the bankruptcy court properly concluded that the satisfaction of an antecedent debt, or the $3,847 paid by NLVK at the foreclosure sale for a property worth between $630,000 and $650,000, was not "present fair equivalent value." *Id; see* Affidavit of Grace Leon (filing no. 45) at ¶5 of Adversary Proceeding.

NLVK cites *BFP v. Resolution Trust Corporation,* 511 U.S. 531 (1994) to support the argument that a good faith purchaser only needs to pay a "reasonably equivalent value"

for real estate that is purchased after a bankruptcy petition is filed. However, that case was decided in the context of fraudulent transfers under 11 U.S.C. Section 548. *Ford*, 296 B.R. at 550-52. The instant case involves a post-petition transaction under 11 U.S.C. Section 549 which strictly requires payment of "present fair equivalent value." *Brown,* 96 B.R. at 962; In re Major, 218 B.R. at 505; Ford 296 B.R. at 551-52. The price paid by NLVK for the property at the foreclosure sale – $3,847 – does not constitute a "present fair equivalent value" of a property worth between $630,000 and $650,000. Thus, the bankruptcy judge committed no error in setting aside the post-petition sale of the property to NLVK. Accordingly, the bankruptcy court's decision in its Memorandum of October 26, 2004 is affirmed in its entirety.[1]

SO ORDERED.

DATED this 29th day of August, 2005.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge

---

[1] NLVK, in the alternative, argues that this Court should allow interest on the $3,847 lien it received from the bankruptcy court. However, NLVK does not provide any authority in support of that argument. Thus, this Court will not allow interest on the lien and will affirm the bankruptcy court's Memorandum – filing no. 50 of Adversary Proceeding – as entered by Bankruptcy Chief Judge Timothy J. Mahoney.